# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

REYNALDO MARQUES; and ANNE
MARQUES,

              Plaintiff(s),

    v.

WASHINGTON MUTUAL BANK;
CALIFORNIA RECONVEYANCE
COMPANY; and DOES 1 to 250,
inclusive.,

              Defendant(s).

_____

CASE NO. SACV 09-1067 DOC (RNBx)

O R D E R TO SHOW CAUSE

On September 16, 2009, Defendant JP Morgan Chase Bank NA as purchaser of the Loans and other Assets of Washington Mutual Bank ("JP Morgan") removed this action to this Court from Orange County Superior Court on the grounds that this Court had jurisdiction over Plaintiffs' Truth in Lending Act ("TILA") claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

On January 7, 2010, this Court determined that Plaintiffs' TILA claims were time-barred by TILA's statute of limitations and, on that basis, the Court dismissed without prejudice

1  Plaintiffs' TILA claims.  In response to the Court's January 7, 2010 Order, Plaintiffs filed a First

2  Amended Complaint (FAC) on January 27, 2010.  The FAC brings no claims under TILA, nor

3  does the FAC bring any other claims alleging violations of federal law.  Instead, the FAC's

4  causes of action all arise out of state law: (1) violation of California Business & Professions

5  Code § 17200, *et seq.*; (2) fraudulent concealment; (3) fraudulent misrepresentation;

6  (4) negligence and negligence per se; (5) violation of predatory lending finance code § 4970 to

7  § 4979; (6) quiet title; (7) rescission based on fraud; (8) unfair debt collection practices;

8  (9) breach of fiduciary duty; (10) breach of written contract; (11) breach of the implied covenant

9  of good faith and fair dealing; and (12) declaratory and injunctive relief.  *See* Docket 29.  JP

10  Morgan has since moved to dismiss the FAC.

11  28 U.S.C. § 1367(c) provides that the district court may decline to exercise

12  supplemental jurisdiction when "the district court has dismissed all claims over which it has

13  original jurisdiction."  While the removability of an action is determined at the time of removal,

14  the district court may thereafter decline to exercise supplemental jurisdiction over state law

15  claims, upon dismissal of the federal claims or a plaintiff's abandonment of the federal claims in

16  an amended pleading.  *See Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024

17  SBA, 2010 WL 890952, at *1 (N.D. Cal. Feb. 10, 2010) (citing *Acri v. Varian Assocs., Inc.*, 114

18  F.3d 999, 1000 (9th Cir. 1997)).  Remand of the state law claims is also appropriate in light of

19  the fact that this litigation remains in its early stages: the Scheduling Conference was taken

20  under submission pending the filing of Plaintiffs' FAC, and no responsive pleading has been

21  filed to date.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614 (1988)

22  ("When the single federal-law claim in the action was eliminated at an early stage of the

23  litigation, the District Court had a powerful reason to choose not to continue to exercise

24  jurisdiction."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("it is

25  generally preferable for a district court to remand remaining pendent claims to state court.").

26  ///

27  ///

28  ///

1    Accordingly, the Court hereby ORDERS the parties to show cause in writing, on

2 or before April 19, 2010, as to why this case should not be remanded to state court.

3

4 IT IS SO ORDERED.

5 DATED: April 12, 2010

6

7    _David O. Carter_
   _____

8    DAVID O. CARTER
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28