JS - 6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

REYNALDO F. MARQUES and
ANNE C. MARQUES,

        Plaintiff(s),

    v.

WASHINGTON MUTUAL BANK;
CALIFORNIA RECONVEYANCE
COMPANY; and DOES 1 to 250,
inclusive,

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. SACV 09-1067 DOC
(RNBx)

O R D E R REMANDING CASE

Orange County Superior Court Case
No.: 30-2009-00126412

_____

      Before the Court are the parties' responses to the Court's April 12, 2010 Order to Show Cause as to why this case should not be remanded to state court (the "OSC"). Defendants Washington Mutual Bank and California Reconveyance Company ("Defendants") removed this action pursuant to 28 U.S.C. § 1331 on September 16, 2009 on the grounds that Plaintiffs Reynaldo F. Marques and Anne C. Marques ("Plaintiffs")' state court complaint alleged a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601. Plaintiffs' initial complaint did

not assert a stand-alone cause of action under TILA.  Rather, the state court complaint's first cause of action alleged that Defendants' purported violations of TILA constituted predicate acts to a cause of action arising under California Business and Professions Code § 17200.  No other cause of action in the state court complaint alleged a violation of federal law.  On January 7, 2010, the Court *inter alia* dismissed the initial complaint's first cause of action with leave to amend on the grounds that Plaintiffs' TILA allegations were time barred by TILA's one year statute of limitations.  The Court thereafter continued the Scheduling Conference initially set for January 11, 2010 in order to afford Plaintiffs time to file an amended complaint in compliance with the Court's January 7 Order.

Plaintiffs filed their First Amended Complaint (FAC) on January 27, 2010, alleging causes of action for: (1) violation of California Business & Professions Code § 17200, *et seq.*; (2) fraudulent concealment; (3) fraudulent misrepresentation; (4) negligence and negligence per se; (5) violation of predatory lending finance code § 4970 to § 4979; (6) quiet title; (7) rescission based on fraud; (8) unfair debt collection practices; (9) breach of fiduciary duty; (10) breach of written contract; (11) breach of the implied covenant of good faith and fair dealing; and (12) declaratory and injunctive relief.  Notably, the FAC does not allege violations of TILA.  Nor does the FAC allege any other violations of federal law.  Defendants filed a motion to dismiss the FAC on February 26, 2010, which the Court took under submission on March 24, 2010.

28 U.S.C. § 1367(c) provides that the district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."  While the removability of an action is determined at the time of removal, the district court may thereafter decline to exercise supplemental jurisdiction over state law claims upon dismissal of the federal claims or a plaintiff's abandonment of the federal claims in an amended pleading.  *See Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2010 WL 890952, at *1 (N.D. Cal. Feb. 10, 2010) (citing *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997)).

The district court should consider the progress of the litigation when determining

whether to decline continued supplemental jurisdiction over claims arising under state law.  The nascency of a lawsuit weighs in favor of remand.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court.").

Here, no Scheduling Conference has been held, no Scheduling Order has issued, the parties have completed no meaningful discovery that the Court is aware of, and a responsive pleading has yet to be filed.  In addition, Plaintiffs have now abandoned the time-barred TILA claim, which was the ***only*** claim upon which this Court exercised original jurisdiction.  Not one of the FAC's eleven causes of action allege a violation of federal law.  The Court therefore considers the continued exercise of supplemental jurisdiction over Plaintiffs' state law causes of action imprudent and on this basis, issued the April 12, 2010 Order to Show Cause.

Both parties present unconvincing arguments in opposition to the remand of this lawsuit.  First, Plaintiffs argue that the Court retains personal jurisdiction over Defendants.  *See* Docket 41 at 6 ("Defendants has [sic] majority contacts with the United States District Court"). However, the Court's instant concern is not with the proper exercise of personal jurisdiction over Defendants (which is not at issue), but with the exercise of subject matter jurisdiction over the claims at issue in this lawsuit.  Second, both Plaintiffs and Defendants rely on the argument that some or all of Plaintiffs' state law claims may be preempted by federal law.  *See* Docket 41 at 6 ("Plaintiffs affirm and contend Defendants had previously filed a motion for the case to be remanded to a federal jurisdiction to ensure due causes of action on Plaintiffs' behalf would be preempted by federal jurisdiction."); Docket 42 at 4-5 (arguing that § 17200 claims are preempted by Home Owners Loan Act (HOLA)).  It is notable that *Carlos v. Ocwen Loan Servicing, LLC*, 2009 U.S. Dist. LEXIS 42250 is neither binding upon this Court nor apposite to whether section 17200 claims ***solely*** predicated on violations of state law are preempted by HOLA.  In any event, the Court need not determine preemption at this time because "HOLA

does not have the 'unusually powerful preemptive force' that goes beyond merely preempting state law claims to also provide a basis for removal jurisdiction." *See Bartolome v. Homefield Fin., Inc.*, No. CV 09-7258 AHM AJX, 2009 WL 4907050 (C.D. Cal. Dec. 11, 2009) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003)).  Third, Defendants argue that jurisdiction is determined at the time of removal and not thereafter.  However, as noted in the April 12, 2010 Order to Show Cause, the Court's exercise of supplemental jurisdiction over state law claims can (and should) be declined even after removal where the litigation is in its nascency and no federal claims remain.  Fourth, both parties argue that this lawsuit will be unduly delayed by remand at this stage.  But the parties have not progressed with any type of discovery, the Court has not issued a Scheduling Order, and the only activity to date concerns the amendment of Plaintiffs' complaint.  Plaintiffs will be able to ably proceed with the operative FAC in state court and the progress, if any, in this Court will not be wasted as a result.  Finally, Plaintiffs' continued – and vague – reference to Defendants' violations of federal statutes, *see* Docket 41 at 7 ("Plaintiffs strongly claim federal statutes"), is belied by the FAC's plain text, which contains no allegation arising under federal law.

The sole basis for removal – a predicate TILA violation in a cause of action brought under section 17200 of the California Business and Professions Code – was determined by the Court to be time-barred and dismissed without prejudice.  Plaintiffs thereafter abandoned the TILA allegations and proceeded with an amended complaint that brings eleven causes of action, every single one of which arises under state law.  In addition, this lawsuit has not proceeded past the pleadings and the continued exercise of supplemental jurisdiction over the state law claims serves no efficiency interest.  Accordingly, the Court REMANDS this lawsuit to Orange County Superior Court.

IT IS SO ORDERED.

DATED: April 20, 2010

_David O. Carter_

_____
DAVID O. CARTER
United States District Judge

4